J-S12006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
WILLIAM MARVIN HALL            :
                               :
         Appellant             :  No. 2282 EDA 2019

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004596-2015

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 08, 2020**

Appellant, William Marvin Hall, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the background of this case as follows:

On August 27, 2013[,] Appellant admitted to having sexual intercourse with a minor under the age of 16 between June and October 2011, and pleaded guilty to two counts of Statutory Sexual Assault (18 Pa.C.S.A. §3122.1).  *See Commonwealth v. Hall*, CP-15-CR-0002018-2012; Guilty Plea Colloquy, 08/27/13. Appellant was sentenced by the Honorable William P. Mahon as follows: (1) Incarceration for 11.5 months to 23 months on the first count of Statutory Sexual Assault, (2) Incarceration for 11.5 months to 23 months on the second count of Statutory Sexual Assault concurrent to the first count, and (3) Megan's Law Lifetime Registration requiring notification of any change of address to the Pennsylvania State Police.  [Appellant did not file a direct appeal. Subsequently, on January 8, 2014, Appellant filed a PCRA petition,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and PCRA counsel was appointed. The PCRA court dismissed the petition on July 7, 2014. Appellant did not appeal the PCRA court's determination.]

Appellant was paroled on April 6, 2015 to the City Gate Mission ("the Mission"). It was reported to Appellant's parole officer that Appellant had left the Mission on May 29, 2015[,] and never returned. No forwarding address was provided to the Pennsylvania State Police as required pursuant to 18 Pa.C.S.A. § 4915.1. Although Appellant had met with law enforcement after May 29th and explained his absence from the Mission, his place of residency remained uncertain and he failed to report any information related to his residency. He was arrested on June 14, 2015 and charged with failure to register his residence as required under Megan's Law. Appellant was found in violation of the registration requirements by Judge Mahon on September 3, 2015.

Appellant was again paroled on September 10, 2015[,] and registered his residency at the Atkins Mission Shelter ("the Atkins Mission"). However, Appellant failed to appear for a required mental health evaluation and physical. Upon further investigation, it was determined that he failed to return to his registered address at the Atkins Mission. Appellant was located by law enforcement at the Brandywine Hospital on October 1, 2015. Upon his release from the hospital, he could not be located. On October 12, 2015, law enforcement located Appellant and determined that he had been residing with three minor girls ages 14, 16, and 17.

Appellant was charged with violations of Megan's Law, including his Failure to Register. Appellant entered into an open plea agreement on May 9, 2016[,] to one count of Failure to Register, 42 Pa.C.S.A. §4915.1(a)(2).[2] This court sentenced Appellant to 18 months to 36 months of incarceration. No post-sentence motion or an appeal was filed.

[2] This conviction is the basis of the above captioned matter[, CP-15-CR-0004596-2015].

Appellant filed the pending PCRA Petition on April 30, 2018. PCRA counsel was appointed[. On July 20, 2018, PCRA counsel filed an amended petition titled: "Petition for Post-Conviction Relief under the Post-Conviction Relief Act and/or Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution

and/or Motion to Correct Illegal Sentence."[1]    This] court subsequently dismissed Appellant's PCRA Petition on July 10, [2019].

PCRA Court Opinion, 10/18/19, at 1-3.

Appellant filed this timely appeal.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the Common Pleas Court err in denying Appellant's Petition for Post-Conviction Relief under the Post-Conviction Relief Act and/or Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and/or Motion to Correct Illegal Sentence filed July 20, 2018?

2. Did the Common Pleas Court err in finding that it lacked jurisdiction to decide the Petition for Post-Conviction Relief under the Post–Conviction Relief Act and/or Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and/or Motion to Correct Illegal Sentence filed July 20, 2018?

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super.

_____

[1] Appellant did not file a concurrent *pro se* PCRA petition at trial court docket CP-15-CR-0002018-2012.  Accordingly, PCRA counsel's amended petition was filed only under the instant trial court docket, *i.e.*, CP-15-CR-0004596-2015. Furthermore, Appellant is no longer entitled to the appointment of counsel for PCRA petitions filed at trial court docket CP-15-CR-0002018-2012 because he previously filed a PCRA petition and received appointed counsel.  ***See Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process").

- 3 -

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).   This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.   **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).   The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.   **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must determine whether this matter is properly before us. We begin by considering whether the PCRA court accurately considered Appellant's petition to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences** may obtain collateral relief.  **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.**  This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute demonstrates that the Pennsylvania General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act.   **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original).   Where a defendant's claims "are

cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Id**. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claim at issue in Appellant's petition, *i.e.,* Appellant's allegation that he is serving an illegal sentence, is a claim available to him under the PCRA. Petition for Post-Conviction Relief under the Post-Conviction Relief Act and/or Habeas Corpus Relief under Article I, Section 14 of the Pennsylvania Constitution and/or Motion to Correct Illegal Sentence, 7/20/18.

We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." **Commonwealth v. Concordia**, 97 A.3d 366, 372 (Pa. Super. 2014). In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct an illegal sentence was properly addressed as a PCRA petition, stating broadly, "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Id**. at 521.

Appellant's petition, filed on April 30, 2018, raises a challenge that is cognizable under the PCRA regardless of the caption of the filing. Accordingly, Appellant is precluded from seeking relief pursuant to a writ of *habeas corpus* and/or a motion to correct illegal sentence. Therefore, the PCRA court properly considered he April 30, 2018 pleading as filed under the PCRA. Thus, the PCRA court had no authority to entertain the claim except under the strictures of the PCRA.

We next address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[2]  *See Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

As previously noted, Appellant's judgment of sentence in the above-captioned matter was entered on May 9, 2016.  However, Appellant did not file a direct appeal.  Accordingly, Appellant's judgment of sentence became final on June 8, 2016, thirty days after the time for filing a direct appeal with this Court expired.  *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P.

─────────────────────────────────

[2] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

903(a). Thus, Appellant had until June 8, 2017, to file a timely PCRA petition. The instant PCRA petition filed on April 30, 2018, is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.[3] 42 Pa.C.S. § 9545(b)(2).

Appellant appears to argue that the "newly recognized constitutional right" exception to the time-bar under Section 9545(b)(1)(iii) applies herein. However, Appellant's argument fails to satisfy this exception by arguing that the registration requirement imposed upon him pursuant to the Sexual Offenders Notification Act ("SORNA") is unconstitutional under our Supreme Court's July 19, 2017 decision in *Muniz*, 164 A.3d 1189 (holding SORNA's registration provisions are punitive and retroactive application of SORNA's provisions violates the *ex post facto* clause of the Pennsylvania Constitution).

Regarding this exception, our Supreme Court explained:

_____

[3] On October 24, 2018, the General Assembly amended section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. Here, Appellant's alleged claim arose on July 19, 2017, the date that the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), was filed. Therefore, the amendment is inapplicable because the decision in *Muniz* preceded December 24, 2017.

Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, **it provides that the right "has been held" by "that court" to apply retroactively**. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. **The language "has been held" is in the past tense. These words mean that the action has already occurred,** *i.e.*, **"that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007) (quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)) (emphases added).

We have held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). Thereafter, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we stated the following:

[W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406. Thus, in *Murphy* we concluded that the substantive rule recognized in *Muniz* does not establish a timeliness exception to the PCRA.[4] Hence, no exceptions apply to exempt Appellant from failing to meet the timeliness requirement of the PCRA.[5]

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.

---

[4] Even if Appellant could rely on *Muniz* to establish a timeliness exception, his petition had to have been filed within sixty days of the decision, or by September 18, 2017. It was not filed until over seven months later, on April 30, 2018. 42 Pa.C.S. § 9545(b)(2). Consequently, for this additional reason, Appellant would not be entitled to invoke the timeliness exception.

[5] To the extent Appellant attempts to argue that the PCRA court had jurisdiction to address his claim under *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007) (granting relief outside of the PCRA pursuant to an exception to 42 Pa.C.S. § 5505), Appellant's Brief at 27-29, we observe that *Holmes* is distinguishable because the issue addressed in *Holmes* concerned whether the trial court could modify a sentence *sua sponte*. The *Holmes* Court did not address whether a claim by a PCRA petitioner that his sentence is illegal could overcome the jurisdictional timeliness requirements inherent in the PCRA.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/8/2020*